IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| JOSHUA PAUL HILTON HOLT, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | No. 2:17-cv-02877-TLP-tmp |
| v. | ) | |
| | ) | |
| JONATHAN LEBO, | ) | |
| | ) | |
| Respondent. | ) | |

**ORDER DENYING § 2241 PETITION, DENYING A CERTIFICATE OF APPEALABILITY, CERTIFYING AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH, AND DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

On August 21, 2017, Petitioner Joshua Paul Hilton Holt sued pro se under 28 U.S.C. § 2241 ("§ 2241 Petition") in the United States District Court for the District of Columbia. (ECF No. 1.) That Court transferred this case to the Western District of Tennessee on December 5, 2017. (*See* ECF Nos. 5 & 6.) Petitioner paid the filing fee on January 3, 2018. (ECF No. 9.)

## PETITIONER'S FACTUAL ALLEGATIONS

Petitioner asserts that he is being held illegally and tortured by a military device normally used to track the thought processes of terrorists. (ECF No. 1 at PageID 1, 4.) He alleges cruel and unusual punishment

"without intervention to Federal authorities on 3-14-17 at West Tennessee state prison to United States Secret Service from Memphis, and more features of said device to them by text from William Shelton Jr.'s phone # 214-584-7329, to the Dept of Defense Hotline on a 3 way call . . . ."

(*Id.* at PageID 1-2.) Petitioner claims he "reported probable espionage by officials on the Device I'm told is called a Remote Nuero [sic] Monitoring System" (*Id.* at PageID 2.)

Petitioner contends the device influenced his responses to the Secret Service during a bomb threat interrogation about his bomb-making ability and knowledge. (*Id.*) Petitioner alleges that, during the interview, he "reported my torture by said device with classified features of the device without proper examination or removal of the system." (*Id.*) Petitioner mailed detailed lists of features of the device to William Shelton, Jr. and the Judge Advocate General in Washington, D.C., the Department of Defense Hotline, and the F.B.I. in Washington, D.C. (*Id.*)

Petitioner contends that he can prove espionage by officials and that he has "reported classified material by way of classified patterns and systems of code contained on a photograph with color changing ink and patterns of tube like 3D patterns of code." (*Id.*) He claims he has reported to former United States Attorney General Jeff Sessions, John McHugh of the United States Department of the Army, and John O. Brennan at the CIA Office of Public Affairs, as well as to the Judge Advocate General in D.C. and the F.B.I in Dallas. (*Id.*)

Petitioner seeks to expose his "illegal and unofficial use as an informant while on parole. . . to Flint Area Narcotics Group agent listed as 'Boss'." (*Id.*) Petitioner contends that a Metro PCS phone bought in Flint, Michigan in July 2014, was

> used to conduct against a Methamphetamine Manufacturers Network named "Ocean" in Flint Michigan in December 2014 or January 2015, and the perjury that exists with that case and other high level cases including cases against Islamic extremists groups based off of perjury for not listing my true roll and identity in controlled buy operations as reported as motive to United States Secret Service on 3-14-17 for the placement of the system in my ear.

(*Id.* at PageID 3.) Petitioner states, "[t]he device has been used to shock my brain and attempted to kill me" and "Please Help Me!" (*Id.*) He states that his grandfather was a decorated war hero and begs the Court to save his life and order the military to remove the system. (*Id.*)

2

Petitioner further contends that the Secret Service failed to examine him for the device properly, that WTSP nurses completed a false x-ray report, that he was not taken into federal witness protection, and that his espionage claims were not properly investigated. (*Id.* at PageID 4.)

Petitioner seeks relief on the following grounds:

1. For being held in physical and mental torture, pain and discomfort that is cruel and unusual in nature in violation of the Constitution of the United States because of the military device;

2. For being purposely kept away from open court of federal authorities from Washington, D.C. to stop him from reporting espionage; and

3. For a device and system that is being used on him during his incarceration with no clear law on its use made known to the public. There is no grievance procedure listed in Law governing or reporting its use or concerning its removal, making its use illegal and against due process.

(*Id.* at PageID 9–10.)

For relief, Petitioner seeks: (1) an MRI examination in the presence of Secret Service; (2) acceptance into the Federal Witness Protection program in Washington, D.C.; (3) interrogation by the Military in Washington, D.C. for espionage evidence; (4) removal of the remote monitoring system in court or before the media; (5) subpoena of phone records concerning 3-way calls from 615-496-5602 to the Pentagon; (6) to have his sentence ruled illegal; (7) transport to testify at all proceedings; (8) subpoena of all records about Petitioner reporting espionage and his remote monitoring device; and (9) to be taken into custody immediately. (*Id.* at PageID 11.)

## **LEGAL ANALYSIS**

A state prisoner is ordinarily required to exhaust his state remedies prior to seeking review in federal habeas corpus proceedings. 28 U.S.C. § 2254(b)–(c). The United States

Supreme Court has held that "once a federal claim has been fairly presented to the state courts, the exhaustion requirement is satisfied." *Picard v. Connor*, 404 U.S. 270, 275 (1971).

Petitioner alleges he reported his situation to various federal agencies and officials. But, he has not indicated any attempts to exhaust his claims in the state courts or through state administrative processes. Petitioner has the burden to show exhaustion of state remedies, and he has failed to do so. *See Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

Section 2241 authorizes federal courts to issue writs of habeas corpus if a prisoner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Petitioner does not seek to end his custody. In fact, he asks that he be taken into custody immediately. What is more, he does not contest the constitutionality of his conviction or sentence, but the conditions of his confinement, a claim more appropriately brought under 42 U.S.C. § 1983. *See Preiser v. Rodriguez*, 411 U.S. 475, 477–78 (1973); (ECF No. 13 at PageID 54.)

Having reviewed Petitioner's filing, this court finds that he has not exhausted his state court remedies, and the relief he seeks is not available in a § 2241 Petition. Thus, the § 2241 Petition is **DENIED**. Judgment shall be entered for Respondent.

## APPELLATE ISSUES

Twenty-eight U.S.C. § 2253(a) requires the district court to evaluate the appealability of its decision denying a habeas petition and to issue a certificate of appealability ("COA") "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see* Fed. R. App. P. 22(b). The Sixth Circuit has determined a COA is required for "all state-prisoner habeas appeals, whether seeking pretrial relief under § 2241 or post-conviction relief under § 2254." *See Winburn v. Nagy*, 956 F.3d 909, 912 (6th Cir. 2020).

A court may issue a COA only if the petitioner has made a substantial showing of the denial of a constitutional right, and the COA must specify the issue or issues that satisfy the required showing.  28 U.S.C. §§ 2253(c)(2)–(3).  A "substantial showing" is made when the petitioner shows that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotation marks omitted); *see Henley v. Bell*, 308 F. App'x 989, 990 (6th Cir. 2009) (per curiam) (same).  A COA does not require a showing that the appeal will succeed.  *Miller-El*, 537 U.S. at 337; *Caldwell v. Lewis*, 414 F. App'x 809, 814–15 (6th Cir. 2011).  Courts should not issue a COA as a matter of course.  *Bradley v. Birkett*, 156 F. App'x 771, 773 (6th Cir. 2005).

There is no question Petitioner's claims have not been exhausted and the relief he seeks is not available through a § 2241 Petition.  Because any appeal by Petitioner on the issues raised in his § 2241 Petition does not deserve attention, the Court **DENIES** a COA.

Fed. R. App. P. 24(a)(1) provides that a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit.  However, if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal in forma pauperis, the prisoner must file his motion to proceed in forma pauperis in the appellate court.  *See* Fed. R. App. P. 24(a)(4)-(5).  For the same reasons the Court denies a COA, the Court concludes an appeal would not be taken in good faith.  The Court **CERTIFIES**, pursuant to Fed. R. App. P. 24(a), that any appeal in this matter would not be taken in good faith

and **DENIES** leave to appeal in forma pauperis.[1]

    **SO ORDERED**, this 25th day of August, 2020.

                                          s/ Thomas L. Parker
                                          THOMAS L. PARKER
                                          UNITED STATES DISTRICT JUDGE

---

[1] If Petitioner files a notice of appeal, he must pay the full $505 appellate filing fee or file a motion to proceed in forma pauperis and supporting affidavit in the Sixth Circuit Court of Appeals within 30 days of the date of entry of this order. *See* Fed. R. App. P. 24(a)(5).